*619 OPINION.
Trammell.
The errors alleged in the petitions and the amendments thereto and not abandoned at the hearing are as follows: (1) The respondent erroneously eliminated from invested capital for the fiscal years 1920, 1921 and 1922 the sum- of $1,000,000, which sum represents a portion of the value of the good will of the petitioner acquired with stock, (2) the respondent erroneously failed to allow as cash invested capital the sum of $3,500 paid in for common stock at or about the time of organization, $200,000 as cash contributions to the corporation paid in by stockholders shortly after organization and in the year 1916, and the sum of $40,000 erroneously eliminated from surplus by the petitioner on its books.
With respect to the first assignment of error, the petitioner contends that the good will it acquired from the New Jersey corporation had on August 1, 1916, the date of acquisition, the fair and reasonable value of at least $1,000,000, while the respondent contends that the good will had no value.
We have a fairly definite picture of the business from its inception and especially from 1895 down to August 1, 1916, the date as of which the value of the good will is in controversy. While the sales and profits of the business experienced a material decline during the period beginning with the year ended January 31, 1913, and continuing through the year ended January 31, 1916, we are unable from the facts before us to conclude that the good will of this business, which had been in existence for almost 50 years and which during that time had been favorably known, had no value in 1916 when the present corporation took over the business. In addition to the facts set forth in our findings with respect to the business and earnings, we have the testimony of witnesses qualified to express opinions on the value of the good will. The evidence shows that the business on August 1, 1916, had a very substantial good will. From a consideration of all the evidence we are of the opinion that the good will had an actual cash value of at least $600,000 at the time of acquisition, and that the petitioner is entitled to include it in its invested capital at this amount.
With respect to the contention, that the invested capital should be increased by $303,500, we are of the opinion that the petitioner is entitled to include as a part of its invested capital cash amounting to $3,500 paid in for common stock, the $260,000 cash paid in as an assessment on common stock and also any earned surplus or undivided profits that it may have had from earnings of preceding-years. However, there is nothing to show that the respondent in his determination of invested capital eliminated these items. We *620 are unable to determine from the evidence that the petitioner’s invested capital as determined by the respondent does not already include these items. In the absence of evidence showing that the items have not already been included in invested capital, the petitioner’s contention must be denied.
Judgment will ~be entered on 15 days’ notice, under Bule 50.